IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
SEAN SCALES and ELIZABETH    )
SCALES,                      )   2:11-cv-02505-GEB-GGH
                             )
          Plaintiffs,        )
                             )   ORDER GRANTING EACH
     v.                      )   DEFENDANT'S MOTION TO DISMISS
                             )   AND DENYING METLIFE'S MOTION
FIRST HORIZON HOME LOANS; IBM)   TO STRIKE
LENDER BUSINESS PROCESS      )
SERVICES, INC.; METLIFE HOME )
LOANS; and DOES 1-50, inclusive, )
                             )
          Defendants.        )
_____)
```

Defendants MetLife Home Loans, a Division of MetLife Bank, N.A. ("MetLife"), and Seterus, Inc. ("Seterus," and collectively, "Defendants") each move under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for dismissal of Plaintiffs' promissory estoppel claims, and Seterus also moves for dismissal of Plaintiffs' negligence claim. Plaintiffs Sean Scales and Elizabeth Scales ("Plaintiffs") oppose the motions. Seterus argues it was erroneously sued as IBM Lender Business Process Service, Inc.

MetLife also moves under Rule 12(f) for an order striking from Plaintiffs' complaint Plaintiffs' requests for injunctive relief and attorneys' fees. Plaintiffs oppose the motion. However, the merits of MetLife's motion to strike will not be reached, since the claims involved in the motion will be dismissed for the reasons stated below.

## I. LEGAL STANDARD

"In reviewing the dismissal of a complaint, we inquire whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Systems, 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009)). The material allegations of the complaint are accepted as true and all reasonable inferences are drawn in favor of plaintiffs. Al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009). The court is "not, however, required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).

Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)). "In sum, for a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (internal citation omitted).

## II. REQUESTS FOR JUDICIAL NOTICE

MetLife and Seterus each supports its dismissal motion with a request that judicial notice be taken of the Deed of Trust for Plaintiffs' real property. (MetLife's Request for Judicial Notice ("MetLife's RJN") Ex. 1; Seterus's RJN Ex. 1.) MetLife also requests

that judicial notice be taken of a document entitled, "Home Affordable Modification Trial Period Plan" (hereinafter "Trial Period Plan"), which states in part:

> [Plaintiffs] understand that this Plan is not a modification of the Loan Documents . . . . [Plaintiffs] further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if the Lender determines that [Plaintiffs] do not qualify or if [Plaintiffs] fail to meet any one of the requirements under this Plan.

(Trial Period Plan, attached as Ex. 2 to MetLife's RJN.)

MetLife argues "[a]lthough the Trial Period Plan is not a matter of public record, the complaint is based upon this exhibit and therefore judicial notice is proper." (MetLife's Mot. to Dismiss 5:1-4 & n.1.) The Trial Period Plan is dated March 16, 2010, which is consistent with Plaintiffs' allegation in their complaint that they "received a written loan modification cont[r]act with [Horizon] [in or about March 2010.]" (Compl. ¶ 16.) Plaintiffs do not oppose the judicial notice requests.

The Court "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). Since Plaintiffs' claims rely on the Deed of Trust and the Trial Period Plan, and Plaintiffs have not questioned the authenticity of either document, the requests for judicial notice are granted.

### III. PLAINTIFFS' ALLEGATIONS

Plaintiffs allege in their complaint that "[i]n or about November 2007, Plaintiffs entered the Subject Loan [with] . . . Defendant First Horizon Home Loans ('Horizon')[.]" (Compl. ¶¶ 3, 13.)

3

"The Subject Loan was a 30[-]year loan, financing $342,760 . . . at a fixed rate of 6.375 [percent] interest." Id. ¶ 13. "In early 2010, Plaintiffs contacted [MetLife, the servicer of the Subject Loan and an agent of Horizon,] to inquire about a modification of the Subject Loan. Plaintiffs were current on their mortgage payments when they contacted [MetLife]." Id. ¶¶ 4, 14. "Plaintiffs were told by [MetLife] that they needed to become at least three months delinquent on their payments in order to obtain a modification." Id. ¶ 15. Plaintiffs allege they "failed to make mortgage payments" "in reliance on [MetLife's] representations," and that Plaintiffs "would not have become seriously delinquent on their mortgage had [MetLife] not told them to do so in order to obtain a loan modification." Id.

"In or about March 2010, Plaintiffs [signed the Trial Period Plan and] . . . sent [it] to MetLife." Id. ¶ 16; MetLife's RJN Ex. 2. "Pursuant to [the Trial Period Plan], Plaintiffs timely made four monthly mortgage payments of approximately $2,322.56 over the next four months." Id. ¶ 17. "In the intervening months, and while Plaintiffs were making their mortgage payments pursuant to the [Trial Period Plan], [Seterus] became the servicer of the Subject Loan." Id. ¶ 18. "When Plaintiffs attempted to make the fifth payment to [Seterus] online, pursuant to the modification agreement, Plaintiffs were informed by [Seterus] that no loan modification agreement existed and that they had to reapply for a modification." Id. ¶ 19.

"In or about September 2010, Plaintiffs entered into a second loan modification agreement with Defendants. Plaintiffs were told that if they made five mortgage payments of $2,188.25 that they would receive a permanent modification . . . ." Id. ¶ 20. "Pursuant to this agreement, Plaintiffs timely made five mortgage payments of $2,188.25." Id. ¶ 21.

4

"Although Plaintiffs performed all actions required of them pursuant to the second loan modification agreement, Plaintiffs were told on February 23, 2011[] that they would not receive a loan modification." Id. ¶ 22. "Plaintiffs would not have become seriously delinquent on their payments had Defendants not advised them to do so. Plaintiffs would have made additional payments and/or higher payments but for Defendants' promise of a loan modification." Id. ¶ 50.

"In 2011, Plaintiffs contacted Defendants to obtain tax forms indicating the amount of their mortgage payments applied to their loan principal and interest. At that time[,] Plaintiffs learned that Defendants had not applied their mortgage payments to principal or interest, but had held the money in an escrow account. . . . [However, Plaintiffs] believed that the payments they were making were being applied to their loan principal and interest." Id. ¶ 24.

Plaintiffs' complaint is comprised of three claims. In their first claim, Plaintiffs allege a promissory estoppel claim against MetLife and Horizon concerning a promise or promises each Defendant allegedly made. (Compl. ¶¶ 26-38.) In their second claim, Plaintiffs allege a promissory estoppel claim against Seterus and Horizon concerning a promise or promises each Defendant allegedly made. (Compl. ¶¶ 39-50.) In their third claim, Plaintiffs allege a negligence claim against Seterus and Horizon concerning the placement of Plaintiffs' Trial Period Plan mortgage payments in escrow. (Compl. ¶¶ 51-55.)

## IV. DISCUSSION

Defendants seek dismissal of Plaintiffs' promissory estoppel claims. (MetLife's Mot. to Dismiss 4:14-15; Seterus's Mot. to Dismiss 3:22-23.) Under the promissory estoppel doctrine, "a promisor is bound when he should reasonably expect a substantial change of position,

either by act or forbearance, in reliance on his promise, if injustice can be avoided only by its enforcement." Garcia v. World Sav., FSB, 183 Cal. App. 4th 1031, 1041 (2010). Therefore, "a plaintiff bringing an action for promissory estoppel must demonstrate: (1) the existence of a promise 'clear and unambiguous in its terms;' (2) 'reliance by the party to whom the promise is made;' (3) that any reliance was both 'reasonable and foreseeable;' and (4) that the party asserting the estoppel was injured by his reliance." Krouse v. BAC Home Loans Servicing, LP, 2011 WL 2367 at *3 (E.D. Cal. June 9, 2011) (quoting US Ecology, Inc. v. California, 129 Cal. App. 4th 887, 901 (2005)). "To be enforceable, a promise need only be definite enough that a court can determine the scope of the duty[,] and the limits of performance must be sufficiently defined to provide a rational basis for the assessment of damages." Garcia, 183 Cal. App. 4th at 1045 (internal quotation marks and citations omitted). The injury requirement is satisfied if plaintiff experienced an "irremediable change of position . . . in reliance upon the [defendant's] promise." Wilson v. Bailey, 8 Cal. 2d 416, 424 (1937).

MetLife argues that Plaintiffs' "complaint is devoid of any factual allegations that [MetLife] promised to permanently modify [P]laintiffs' mortgage loan." (MetLife's Mot. to Dismiss 4:14-15.) Plaintiffs' allegation that "[they] were told . . . that they needed to become at least three months delinquent on their payments in order to obtain a [loan] modification" fails to allege that MetLife made a clear and unambiguous promise to permanently modify Plaintiffs' loan. (Compl. ¶¶ 15, 27 (emphasis added).) This allegation does not support drawing a plausible inference that Plaintiffs' satisfaction of the referenced three months loan payment delinquency would in fact entitle Plaintiffs to a loan modification agreement, since this language does not ensure

6

1  Plaintiffs they would in fact obtain a loan modification. Further, to
2  the extent Plaintiffs allege they relied on a promise contained in the
3  Trial Period Plan, Plaintiffs' allegations are directly contradicted by
4  the plain language of the Trial Period Plan, which does not contain a
5  clear and unambiguous promise to permanently modify Plaintiffs' loan.
6  (See Trial Period Plan at 1, attached as Ex. 2 to MetLife's RJN.)
7  Therefore, MetLife's motion to dismiss Plaintiffs' promissory estoppel
8  claim is granted.

9  Seterus argues that "the alleged promise by [Seterus] is far
10 too vague to be enforceable." (Seterus's Mot. to Dismiss 6:5-7.)
11 Plaintiffs allege that "[they] were told [by Seterus] that if they made
12 five mortgage payments of $2,188.25 that they would receive a permanent
13 modification . . . ." (Compl. ¶ 20.) This alleged promise is
14 sufficiently pled, since it indicates that once Plaintiffs made the five
15 required payments, Seterus would modify Plaintiffs' loan. See Garcia,
16 183 Cal. App. 4th at 1045 ("To be enforceable, a promise need only be
17 definite enough that a court can determine the scope of the
18 duty . . . .").

19 Seterus also argues that "Plaintiffs [h]ave [n]ot [a]lleged
20 [a]ny [a]ctual and [r]ecognizable damages" that satisfy the injury
21 element of their promissory estoppel claim. (Seterus's Mot. to Dismiss
22 8:16-9:19.) Plaintiffs allege in their complaint that they "became
23 seriously delinquent on their mortgage payments and face onerous
24 foreclosure proceedings" and "would have made additional payments and/or
25 higher payments but for Defendants' promise of a loan modification."
26 Compl. ¶¶ 38, 41, 50.) However, Plaintiffs fail to allege facts from
27 which a plausible inference could be drawn that Plaintiffs experienced
28 an "irremediable change of position" in reliance on Seterus's alleged

7

promise. <u>Wilson</u>, 8 Cal. 2d at 424. Plaintiffs argue in their opposition that they "would have been able to obtain relief through the bankruptcy courts and [they] would have filed for Chapter 13 bankruptcy protection in order to permit them to retain their home" if they had not relied on Seterus's promise to permanently modify their loan. (Pls.' Opp'n to Seterus's Mot. to Dismiss 5:22-24.) However, these allegations are not in Plaintiffs' complaint. Therefore, Seterus's motion to dismiss Plaintiffs' promissory estoppel claim is granted.

Seterus also seeks dismissal of Plaintiffs' negligence claim, in which Plaintiffs allege that Seterus "negligent[ly] misappl[ied] . . . their mortgage payments" by placing the payments Plaintiffs made under the Trial Period Plan and under the "second loan modification [plan]" in escrow, instead of applying these payments to Plaintiffs' mortgage loan principal or interest. (Compl. ¶¶ 53-55.) Plaintiffs further allege that they "pa[id] higher income taxes than they would have but for [Seterus's] negligence." (Compl. ¶ 55.) Seterus argues that "Plaintiffs fail to establish that [it] owed a 'duty' to Plaintiffs[,]" since "Plaintiffs specifically and expressly authorized [Seterus] to hold their payments in a 'suspense' account" under the terms of the Deed of Trust. (Seterus's Mot. to Dismiss 10:23, 11:1-2.)

The Deed of Trust states: "[the] Lender may accept any payment or partial payment insufficient to bring the Loan current . . . but [the] Lender is not obligated to apply such payments at the time such payments are accepted . . . [, and the] Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current." (Deed of Trust § 1, attached as Ex. 1 to Seterus's RJN.) Therefore, Plaintiffs' conclusory allegation that Seterus negligently placed their Trial Period Plan payments and payments made under the "second loan modification

8

[plan]" in an escrow account fails to plausibly show that Seterus had a duty not to hold the funds unapplied, since Plaintiffs' allegation contradicts the language in the Deed of Trust, which states otherwise. Daniels-Hall, 629 F.3d at 998 (stating a court is not "required to accept as true allegations that contradict . . . matters properly . . . judicial[ly] notice[d], or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

Plaintiffs argue in their opposition that their negligence claim is also supported by their argument that "[Seterus] made false representations to Plaintiffs regarding the applications of the trial plan payments and because of [Seterus's] repudiation of the existence of the agreement." (Pls.' Opp'n to Seterus's Mot. to Dismiss 6:17-19.) However, Plaintiffs do not allege facts in the complaint supporting these arguments. Therefore, Seterus's motion to dismiss Plaintiffs' negligence claim is granted.

Plaintiffs seek leave to amend their promissory estoppel claims, arguing they "can amend [these claims] to more clearly allege that they were promised evaluation for a loan modification pursuant to HAMP guidelines and can further identify each of the defendants that made the representations regarding the scope of the promise, and that [Defendants] failed to consider Plaintiffs in good faith for the modification . . . ." (Pls.' Opp'n to MetLife's Mot. to Dismiss 3:19-22.) Each Defendant argues Plaintiffs' promissory estoppel claims should be dismissed without leave to amend, because the claims are barred by the statute of frauds. (MetLife's Reply 7:11-21; Seterus's Mot. to Dismiss 4:9; Seterus's Reply 2:26-28.) However, since "the principle of [promissory] estoppel . . . operates as an exception to the statute of frauds under California law[,]" Defendants have not demonstrated that

the statute of frauds bars further amendment of Plaintiffs' promissory estoppel claims. <u>Peterson v. Bank of Am., N.A.</u>, No. 09cv2570-WQH-CAB, 2010 WL 1881070, at *6 (S.D. Cal. May 10, 2010) (citing Cal. Civ. Code § 1698(a) and <u>Garcia</u>, 183 Cal. App. 4th at 1040 n.10).

Plaintiffs also seek leave to amend their negligence claim against Seterus. (Pls.' Opp'n to Seterus's Mot. to Dismiss 6:22-23.) Seterus does not oppose this request.

Therefore, Plaintiffs will be granted leave to amend the dismissed claims.

## V. CONCLUSION

For the stated reasons, Plaintiffs' promissory estoppel and negligence claims are dismissed. Plaintiffs are granted fourteen (14) days leave from the date on which this order is filed to file a First Amended Complaint addressing the deficiencies in any dismissed claim.

Dated: February 16, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge